FITZGERALD'S ATLANTIC BAR & GRILL, INC., Plaintiff, v. DAVID FITZGERALD, Defendant.

Supreme Court, Special Term, Kings County, December 16, 1942.

*Joseph Ratner* for plaintiff.

*Max Krongold* for defendant.

NOVA, J. During the year 1934 a restaurant, bar and grill located at 596 Atlantic avenue, borough of Brooklyn, was purchased by one Joseph and May Fitzgerald. Said premises are situated on Atlantic avenue opposite the Long Island railroad terminal, about one-half a city block from the intersection of

that avenue with Fourth avenue. The said business has there-after been continuously operated under the name "Fitz-gerald's." Electric signs both on the exterior and interior of the premises bear the legend "Fitzgerald's." A striped canopy leading from the sidewalk to the entrance of the building also ·proclaims the name in "large self-reflecting letters."

The plaintiff corporation purchased the business during the month of October, 1938. According to the affidavit of its presi-dent, one Esther Ratner, since the time of such purchase the plaintiff has expended a substantial sum of money to improve and to enhance the appearance of the store, and to advertise and to attract customers to it. As a result thereof it is claimed that plaintiff's establishment now enjoys a large clientele and has acquired a public reputation for the excellence of its food, liquors and wines, and for its integrity and reliability.

On May 22, 1942, the defendant, David Fitzgerald, purchased a bar and grill located at 574 Atlantic avenue which had formerly been maintained by one Morris Kessler. These premises are on the same side of Atlantic avenue as those maintained by plaintiff, the two being about three-quarters of a block apart. Prior to defendant's acquisition of the Kessler bar, it had never been advertised by the display of exterior signs. After defendant took over the business, however, he caused two large exterior signs to be erected bearing the name "Fitzgerald's." Also he caused to be placed the name "Fitzgerald's" in large gold script on the show window of the store. Plaintiff charges that the sign, portraying the name, is "clearly visible to persons passing by or standing near plaintiff's premises" and also that "persons walking towards Fourth Avenue on Atlantic Avenue would naturally have to pass by defendant's premises and the signs before reaching plaintiff's establishment."

The moving affidavit then avers: "We have thus one of the boldest attempts to imitate and mislead. Both plaintiff and defendant are engaged in the same kind of business. Their respective products are sold in the identical manner, that is, liquor is sold over the bar and food at tables. They necessarily sell the same kind of liquors and food. The defendant's wrong-ful conduct and imitation of plaintiff's name has given rise to innumerable instances of confusion and deception. Mail intended for the plaintiff has been erroneously delivered to the defendant, and vice-versa. Likewise, merchandise intended for delivery to plaintiff has been mistakenly delivered to defendant's store. It is significant to observe that plaintiff's address is *596* Atlantic Avenue and defendant's address is *574* Atlantic Avenue.

Of course, the striking similarity of these numbers would be harmless were it not for the misappropriation by defendant of plaintiff's name and the proximity of both establishments. Both stores are within visible distance of each other so that persons on Atlantic Avenue can see plaintiff's and defendant's premises from the same spot. Defendant's conduct is indefensible. He has embarked upon a deliberate plan to defraud the plaintiff of the fruits of its good will, and to appropriate unto himself the benefits thereof."

Substantially upon the foregoing facts, plaintiff seeks an order during the pendency of this action for an injunction restraining the defendant " from maintaining and displaying signs both on the exterior and interior of defendant's store premises containing the word ' Fitzgerald's,' and from using said word on menus and on other printed and advertising matter used or distributed by defendant, and from conducting and operating such business * * * in such manner so as to deceive persons into believing that defendant's premises are that of plaintiff or branch of the plaintiff."

In opposition to the motion, defendant categorically denies the doing of any act on his part which has been calculated to deceive or which has actually deceived plaintiff's customers. Defendant maintains substantially that, in the absence of fraud designed to injure plaintiff's business, he has a natural right to use his own name in connection with the operation of his store. He well epitomizes the facts present herein and to some extent the rationale upon which the applicable rule of law is predicated when he states, " I don't attach any importance to the name of Fitzgerald. I was named Fitzgerald when I was born and am stuck with the name. I don't believe any customer of the plaintiff's or mine patronizes our respective places of business because the name Fitzgerald is on the window."

Upon the facts as they presently appear, defendant is clearly entitled to the rule so often applied in this State, to the effect that any person may use his family name in his business, provided, of course, he uses it honestly and without artifice and deception. Such is the rule even though the business that is thus conducted is identical with a previous business operated by another under the same name, and which has become known to the public under that name. The right of a person to use his family name in his business is regarded as a natural right of which he cannot be deprived. The fact of prior user of the name by another is immaterial. (See *Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Meneely* v. *Meneely*, 62 N. Y. 427.)

There are no facts disclosed herein which justify the court's intercession by the issuance of the drastic order as prayed by plaintiff, and pursuant to which the latter seeks to exclude its business rival from the use of his own name in the field of competition. This conclusion is not negatived by the photographs submitted by plaintiff, which represent the respective advertising signs erected by the parties. These photographs do not indicate any deception on defendant's part.

Motion denied.